**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALBERT LEE,** | ) | **Case No.  1:10-CV-1675** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Plaintiff Albert Lee's Motion For Extension of Time to Complete Service (**Doc #: 9**).  Plaintiff initially filed his complaint on July 30, 2010. (Doc #: 1.) Plaintiff, however, failed to serve Defendant with a copy of the complaint and summons within 120 days.  On January 19, 2011, the Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure to serve Defendant within 120 days of the complaint's filing.  On January 28, 2011, Plaintiff moved for an extension of time to serve Defendant *nunc pro tunc*, stating that the Clerk's office represented to counsel that it had made a mistake by not signing and issuing a summons submitted on August 9, 2010.  (Doc #: 9 at ¶ 7.)  Counsel states that he did not discover this omission until the Court's January 19, 2011 show cause order because the paralegal and attorney assigned to this matter are not currently with the firm. (*Id*. at ¶ 12.)  Counsel further represented that on January 25, 2011, it served Defendant.  (*Id*. at ¶ 1.)  Defendant has opposed Plaintiff's motion, arguing that Plaintiff has not demonstrated good cause for the failure to serve Defendant within 120 days and that Plaintiff still has not properly served Defendant.

The Court **DENIES** Plaintiff's Motion and hereby **DISMISSES** this matter

**WITHOUT PREJUDICE**.  While an error by the Clerk's office and turnover in personnel may explain why service was not initially effectuated upon Defendant, it does not adequately justify not monitoring this problem for nearly five months.  Moreover, Plaintiff still has not properly served Defendant.  Federal Rule of Civil Procedure 4(i) requires a plaintiff to both deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought *and* send a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail.  Defendant states that it did not receive a copy of the complaint in this action; instead Plaintiff delivered a copy of the complaint in a different lawsuit, in which the United States was not a party.  Defendant further represents that the Attorney General has not received a copy of the summons and complaint by registered or certified mail.  Thus, Defendant still has not been properly served.  Accordingly, Plaintiff's Motion for an Extension of Time to Serve Defendant *nunc pro tunc* must be denied and Plaintiff's complaint dismissed without prejudice.

      **IT IS SO ORDERED.**

                                    */s/ Dan A. Polster    February 7, 2011*
                                      **Dan Aaron Polster**
                                      **United States District Judge**